[671 NYS2d 667]

In the Matter of JEFFREY H. FRANKEL (Admitted as JEFFREY HARRIS FRANKEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Pennsylvania, dated and filed April 17, 1996, the respondent's resignation was accepted

and he was disbarred on consent. The disciplinary action against the respondent in Pennsylvania emanated from his knowing misappropriation of client funds. By order of the Supreme Court of New Jersey, dated September 16, 1997, the respondent was disbarred in New Jersey and his name was stricken from the roll of attorneys in that State based upon his disbarment in Pennsylvania.

On December 22, 1997, the respondent was served with notice pursuant to 22 NYCRR 691.3, informing him of his right to interpose certain enumerated defenses to the imposition of reciprocal discipline upon him in New York. The respondent has neither asserted any of the defenses enumerated in 22 NYCRR 691.3 (c), nor has he exercised his right to demand a hearing.

Under the circumstances of this case, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Jeffrey H. Frankel, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey H. Frankel, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.